IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

INGURAN, LLC, and CYTONOME/ST, LLC,

                Plaintiff,              OPINION & ORDER

   v.

                                                      20-cv-349-wmc

ABS GLOBAL, INC., and GENUS PLC,

                Defendants.

---

This is the fourth case between these parties in which plaintiffs Inguran, LLC, and Cytonome/ST, LLC (collectively referred to as "ST") assert patent infringement claims against defendants ABS Global, Inc., and Genus PLC (collectively referred to as "ABS"). In a prior opinion and order dealing with the third lawsuit, Case No. 20-cv-085 ("*ABS III*"), and this case both, the court dismissed the former and stayed the latter pending a decision on defendants' motion for *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB"). (12/20/21 Op. & Order (dkt. #48).) With the IPR proceeding now complete and the stay lifted,[1] the court takes up two, substantive motions pending in this case: (1) plaintiffs' motion to amend its complaint to add claims for infringement of U.S. Patent No. 10,689,210 (the "'210 patent"); and (2) defendants' motion to dismiss the patent infringement claims asserted in the original complaint for infringement of U.S.

---

[1] Plaintiffs' separate motion to lift the stay and schedule this case for a preliminary pretrial conference with Magistrate Judge Crocker in light of the completion of the '439 patent IPR is obviously also granted. (Dkt. #68.) Defendants do not dispute that the IPR has run its course with respect to both of the patents at issue in this case. Instead, in their opposition, defendants contend that a stay is appropriate pending the court's resolution of the other pending motions. Having resolved those motions in this opinion, there is no reason to continue the stay.

Patent No. 10,583,439 (the "'439 patent"). (Dkt. ##50, 63.)[2] For the reasons that follow, the court will grant plaintiffs' motion to amend the complaint, deny defendants' motion to dismiss and direct the Clerk of Court to set this for a preliminary pretrial conference with Magistrate Judge Crocker.

OPINION

I. Plaintiffs' Motion to Amend

As explained in the court's prior opinion, plaintiffs filed a motion for leave to supplement their complaint in *ABS III* to add patent infringement claims under the '210 patent. Having dismissed that case, the court opted not to take up that motion to supplement, but instead signaled to plaintiffs that they could seek leave to amend their complaint in this lawsuit to add claims under the '210 patent should the PTAB stay be lifted. (12/20/21 Op. & Order (dkt. #48) 7-8.)[3]

As plaintiffs explain in their motion, the United States Patent and Trademark Office ("USPTO") issued the '210 patent on June 23, 2020. The patent claims a "microfabricated sheath flow structure for suspending a stream of particles in a sheath fluid." (Pls.' Mot. (dkt. #50) 6.) Defendants sought IPR of the '210 patent, but the PTAB denied

---

[2] Defendants also filed a motion for leave to file their brief in support of their motion to dismiss under seal (dkt. #75), which the court will grant.

[3] In that opinion, the court also indicated that plaintiffs should explain why the claims under the '210 patent should proceed at this time given what was then a pending IPR of the '439 patent. (Dkt. #48, 7.) However, because that review has now concluded, the court need not address plaintiffs' arguments as to this issue.

2

defendants' request. In addition, the PTAB denied defendants' request for rehearing and the PTAB's Precedential Opinion Panel denied defendants' request for review.

Federal Rule of Civil Procedure 15 states in part that courts "should freely give leave" to a party wishing to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Soltys v. Costello*, 520 F.3d 737, 742-43 (7th Cir. 2008) (discussing the standard). Accordingly, while a motion to amend is not automatically granted, a party is generally allowed to amend its pleadings "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, whether to grant or deny leave to amend is within the discretion of the district court. *Id.*

In response to plaintiffs' motion, defendants nevertheless argue that the court should deny leave to amend because plaintiffs' claims for infringement of the '210 patent are futile. Specifically, defendant argue that: (1) based on the court's prior construction of the term "direction" in *Inguran, LLC v. ABS Global, Inc.*, No. 17-cv-446 (W.D. Wis. June 7, 2017) ("*ABS II*") (dkt. #1-1), ABS cannot infringe the '210 patent; (2) the claims are invalid for a lack of written description; and (3) ST is now judicially estopped from arguing otherwise. The court takes up these arguments in turn.

*First*, with respect to the argument that the court's prior construction of the term "direction" in the *ABS II* forecloses ST's claims of infringement of the '210 patent, ABS fails to recognize that the '210 patent claims contain *different* language than the claims at

3

issue in *ABS II*. Specifically, the court construed the claim language at issue in *ABS II* to require different and non-overlapping directions at two focusing locations. *Id.* at 1 ('476 patent, claim 1 at 11:17-23) ("a primary focusing region . . . for focusing . . . in at least a first direction" and "a secondary focusing region . . . for focusing . . . in at least a second direction *different from the first direction*" (emphasis added)). In contrast, the '210 patent claims describe focusing in "a vertical direction" in the first focusing region and focusing in "a horizontal direction and a vertical direction" in the second focusing region. (Dkt. #50-1 ("'210 patent") 11:35-40.) Indeed, the claim language in the '210 patent does not even contain the term "different," leaving unclear at most whether denying leave to amend to assert infringement claims under the '210 patent would be "futile." *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("Such cases of clear futility at the outset of a case are rare."). Of course, ABS is free to renew its argument that the court's construction of claim 1 in the '476 patent in *ABS II* should also apply to the '210 patent, as well as argue noninfringement based on that constructions. However, in the context of ST's motion for leave to amend, ABS's argument proves too much.

*Second*, ABS argues that the amendment is futile as a matter of law because the '210 patent claims are invalid for lack of written description under 35 U.S.C. § 112(a). More specifically, ABS argues that ST made statements to the USPTO that the Gilbert specification, on which ABS represents the '210 patent claims are based, "fail[s] to disclose, teach, or suggest 'wherein a bottom surface of the flow channel lies in a first plane upstream of the first and second vertical fluid focusing features and the bottom surface of the flow

4

channel shifts vertically upward to lie in a second plane downstream from of the first and second vertical focusing features[.]" (Defs.' Opp'n (dkt. #54) 19 (quoting Horowitz Decl., Ex. 1 (dkt. #57-1) 9-11).) From this, defendants reason that the '210 patent specification "does *not* convey possession of focusing 'by reducing the height of the primary sheath flow channel,' as required by claim 1 of the '210 patent." (*Id.*)

In response, plaintiffs contend that defendants' argument proves too much. Rather, plaintiffs argue the specification of the '210 patent need only "convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (7th Cir. 2010). This requirement "does not demand any particular form of disclosure, or that the specification recite the claimed invention *in haec verba*." *Id.* at 1352. Accordingly, the court agrees that the specification of the '210 patent describes this claim limitation adequately by stating that "[t]he height of the channel . . . may be varied to facilities focusing of the sample within the sheath fluid." ('210 patent (dkt. #50-1) 6:12-15.)

*Third*, and finally, Defendants contend that plaintiffs are judicially estopped from denying these statements made during the prosecution of a patent. *See Capsopoulos ex rel. Capsopoulos v. Chater*, No. 95 C 3274, 1996 WL 717456, at *3 (N.D. Ill. Dec. 9, 1996) (collecting cases applying judicial estoppel based on statements made during prosecution estoppel). However, plaintiffs reasonably point out the (alleged) statement that defendants argue forecloses finding the written description requirement satisfied was actually made in the context of prosecuting the '439 patent, which contains different claims language. Regardless, whether this statement was made with respect to, or could be applied

5

to, the '210 patent claims is not properly decided in the context of a challenge to the futility of a proposed amended complaint, especially where, as plaintiffs argue, focusing by "reducing the height of the flow channel" could be accomplished by lowering the ceiling of the flow channel and would not require a bottom surface shifting vertically upward, which defendants contend is foreclosed by statements made in prosecuting the '439 patent. Of course, defendants are also free to renew this argument at summary judgment. On this limited record, however, the court again cannot conclude that the proposed amendment to add infringement claims under the '210 patent is "clearly futile." Accordingly, the court will grant the motion and allow plaintiff to pursue claims of infringement of the '210 patent as well.

**II. Defendants' Motion to Dismiss**

Defendants also seek to dismiss existing infringement claims under the '439 patent. This motion suffers from the same defects as defendants' opposition to plaintiffs' motion to amend to add claims for infringement under the '210 patent. Namely, defendants reach well beyond the pleadings in an attempt to find an easy out from this fourth lawsuit. For example, defendants contend representations that plaintiffs made in *ABS II*, coupled with plaintiffs' filing of a proposed supplemental complaint in the '085 case, foreclose a finding that the alleged infringing product, the SSC-B chip, has a "'first vertical [fluid] focusing feature" that is "[d]ownstream" of the alleged 'lateral fluid focusing feature'" as required to find infringement. (Defs.' Reply (dkt. #76) 7 (quoting Compl. (dkt. #1) ¶ 31).) More specifically, defendants contend that in *ABS II*, ST itself argued that Detail B in the SSC-B chip, which is materially the same as that in ABS's prior GSS and SSC-A chips, "was one

6

focusing region and constituted a single focusing step." (Defs.' Mot. (dkt. #63) 12.) In the complaint in this case, however, ABS contends that "ST disavows its prior positions and ignores the undisputed operation of ABS's microfluidic chips, crafting allegations attempting to parse Detail B into multiple 'fluid focusing features.'" (*Id.* at 13.)

As noted above in the discussion of the '210 patent, the patents at issue in *ABS II* contain different claim language than at issue in the '439 patent. In particular, while the '439 patent discloses two "focusing feature[s]" at "different longitudinal locations" but in the same "fluid focusing region" (Defs.' Mot. (dkt. #63) 6 (quoting Compl. (dkt. #1) ¶ 23 (describing independent claim 1)), the patents at issue in *ABS II* did not disclose or mention at all "longitudinal locations" of "fluid focusing features." Indeed, those patents described two distinct focusing regions. Moreover, in a difficult to follow argument, defendants also contend that figures in the proposed supplemental complaint in the '085 case also foreclose a finding that Detail B constitutes two focusing steps, as required by the '439 complaint. Putting aside whether the court may consider the proposed supplemental complaint in a different lawsuit, ABS asks the court to make factual findings about minor differences between diagrams in the proposed supplemental complaint and those in the operative pleading in this case. (Defs.' Reply (dkt. #76) 13-15.) This argument requires factual findings that the court cannot make at the pleadings stage. Accordingly, while defendants are free to renew this argument at summary judgment, dismissal on the pleadings is simply not in the cards.

Finally, the court understands (and to some extent, even sympathizes with) plaintiffs' seemingly unending and piecemeal use of the patent system against a direct

7

competitor, especially in light of its successful antitrust claim in in *ABS I* and as detailed in the record in *ABS II*, defendants' successful designed around of ST's Cytonome patents by creating the SSC-B chip for sorting bull semen. Still, ST managed to obtain the patents at stake in this lawsuit, and now asserts patent infringement claims against the SSC-B chip. While ABS may ultimately be successful in demonstrating invalidity or noninfringement of these new patents, ABS will be required for better or for worse to defend itself again in this lawsuit. There is simply no route for the court to dismiss these claims on the pleadings.

## ORDER

IT IS ORDERED that:

1) Plaintiffs Inguran, LLC, and Cytonome/ST, LLC's motion to amend complaint (dkt. #50) is GRANTED.

2) Defendants ABS Global, Inc., and Genus PLC's motion to dismiss (dkt. #63) is DENIED.

3) Plaintiffs' motion to lift stay (dkt. #68) is GRANTED.

4) The clerk's office is directed to set this case for a preliminary pretrial conference with Magistrate Judge Crocker.

Entered this 1st day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge